[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 21, 1988 in Milford, Connecticut. Both parties have resided in State of Connecticut for one year prior to the filing of this writ. There is one minor child issue of the marriage: Allie Rose Listenes, born January 20, 1992.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have lived apart longer than they have lived together during this stormy relationship which the parties have characterized as a marriage. The defendant claimed the parties finally separated in March 1993. The plaintiff is, 37 years of age and the defendant is 40 years old.
No useful purpose would be served by a review of the evidence presented by the parties. The court declines to assess fault to CT Page 8396 either party for the breakdown of the marital relationship, if in fact there ever was a marital relationship.
The following orders shall enter.
CUSTODY
Custody of the minor child is awarded to the plaintiff. The animosity between the parties and their inability to communicate is not conducive to joint custody. The plaintiff, however, shall confer with the defendant on major issues relating to the health, education and welfare of the minor child. The plaintiff shall have final decision making. Neither party shall malign nor disparage the other in the presence of the minor child.
VISITATION
1. The defendant shall have reasonable rights of visitation to include but not be limited to alternate Saturdays and Sundays from 9:30 a.m. to 6 p. m. and Wednesday evenings from 5 p. m. to 7:30 p. m.
2. The defendant shall be entitled to Father's Day from 9:30 a.m. to 6 p. m. The plaintiff shall be entitled to Mother's Day.
3. The defendant shall be entitled to one week during the summer to be increased as the child gets older.
4. The defendant shall have Christmas Eve from 2 p. m. to 6 p. m. and Christmas Day from 3 p. m. to 8 p. m.
5. The defendant shall be entitled to such other days and holidays for visitation as the parties shall agree.
6. Pick up and return of the minor child shall be curbside at the plaintiff's home.
CHILD SUPPORT
1. The defendant shall pay to the plaintiff as child support the sum of $95 per week commencing September 22, 1997.
2. In addition, the defendant shall pay one-half the $205 per month cost of pre-school/after-school day care for the benefit of the minor child. CT Page 8397
3. An immediate withholding is ordered.
MEDICAL COVERAGE
1. The defendant shall maintain the minor child on his medical health insurance plan as is available to him at his place of employment. Any unreimbursed medical expense for the minor child shall be paid two-thirds by the defendant and one-third by the plaintiff. This provision shall be modifiable.
2. The plaintiff is entitled to COBRA benefits as are available through the defendant's health insurance, at her expense.
ALIMONY
1. The defendant shall pay to the plaintiff as alimony the sum of $25 per week for a period of three years commencing September 22, 1997. Said alimony shall sooner terminate on the death, remarriage or cohabitation of the plaintiff, or the death of the defendant. Said alimony shall be nonmodifiable as to term. Said term of three years is sufficient to allow the plaintiff to complete her education and obtain gainful self sufficient employment and income.
2. An immediate withholding is ordered.
DEBTS
1. The defendant shall continue to pay the debt due to Milford Hospital and shall hold the plaintiff harmless thereon.
2. The defendant shall pay one-half of the medical bill for the minor child, to Dr. Gresky.
3. The plaintiff shall be responsible for the debts listed in her name and owed by her as set forth in her financial affidavit.
4. The defendant shall be responsible for the debts listed in his name and owed by him and for the debts as listed on his financial affidavit.
ARREARS
CT Page 8398
The defendant is found in arrears on the pendente lite orders in the amount of $1800, less $160 paid by the defendant on September 12, 1997. Said arrears shall be paid at the rate of $20 per week commencing September 22, 1997. An immediate withholding is ordered.
COUNSEL FEES
Each party shall be responsible for their respective attorney's fees.
PERSONAL PROPERTY
Each party shall retain the personal property presently in their respective possession including motor vehicles and bank accounts.
MISCELLANEOUS
1. The plaintiff shall give the defendant 90 days notice in writing if she intends to reside outside the State of Connecticut with the minor child.
2. The defendant shall be entitled to claim the minor child as a dependent for income tax purposes provided he is current with the child support payments as of December 31. This provision shall be modifiable.
3. Within 90 days, the defendant shall obtain a life insurance policy at a reasonable cost to him, in an amount of $25,000 with the minor child named as irrevocable beneficiary thereon. Said policy shall remain in full force and effect so long as the defendant has an obligation for child support. This provision shall be modifiable.
Coppeto, J.